IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE FERGUSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02681-B (BT) |
| | § | |
| ROBERT MATLOCK | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Jesse Ferguson sued Robert Matlock, claiming that Matlock falsely presented himself as a legitimate mechanic.[1] ECF No. 2 at 1. Ferguson says that Matlock picked up Ferguson's truck in May 2023 to perform work on it, but he has yet to perform work on it and refuses to return it. ECF No. 2 at 1. Ferguson also complains that Matlock will not "supply" a written contract, continues to add "expenses" to Ferguson's bill, and refuses to accept payment. ECF No. 2 at 1. As explained below, these allegations fail to establish subject matter jurisdiction in this Court. Therefore, the Court should dismiss this case without prejudice.

**Legal Standards**

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by

---

[1] Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate.

judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

On federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Finally, federal courts may exercise "supplemental jurisdiction" over claims lacking in subject matter jurisdiction when those claims are "so related to claims

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court—whether or not faced with a *pro se* plaintiff—"must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily by cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a pro se litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter

3

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

**Analysis**

Ferguson fails to establish that this Court has subject matter jurisdiction over this action.

There is no indication that federal law creates Ferguson's claims. Liberally construing the pleadings, Ferguson's claims sound in breach of contract, or, potentially, fraud. But breach of contract is typically a state-law claim. *Escobar v. All. Credit Union*, 2023 WL 8720903, at *4 (N.D. Tex. Nov. 30, 2023) (recognizing a breach of contract claim normally arises under state law). And there is no indication—much less allegation—that federal law creates any fraud claim that Ferguson may be raising.

Nor can the Court infer that any of Ferguson's claims, to the extent premised on state law, raise or require the resolution of a substantial question of federal law. Put differently, Ferguson's vague allegations fail to establish that any state-law claim is "premised on some component of federal law." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022).

Ferguson did check a box on the civil cover sheet indicating that this a prisoner civil rights action. ECF No. 2 at 2. But Ferguson is not a prisoner, so Ferguson apparently checked this box by mistake. At any rate, "simply checking boxes on [the civil cover sheet], to indicate the nature of suit and listing statutes, without supporting factual allegations, is insufficient to create a federal question for purposes of subject-matter jurisdiction." *Howard v. Off. of the Special Deputy Receiver*, 2022 WL 617627, at *5 (N.D. Tex. Feb. 14, 2022), *rec accepted* 2022 WL 614994 (N.D. Tex. Mar. 1, 2022), *affirmed* 2022 WL 2255708 (5th Cir. June 23, 2022) (collecting cases). At bottom, Ferguson has failed to establish federal question jurisdiction.

Ferguson has also failed to establish diversity jurisdiction. Ferguson alleges that he is a citizen of Texas but fails to allege that Matlock is a citizen of another state. *See Howery*, 243 F.3d at 919 ("For diversity jurisdiction, the party asserting federal jurisdiction must 'distinctly and affirmatively allege[]' the citizenship of the parties.") (citations omitted). Nor does Ferguson allege that the amount in controversy exceeds $75,000 exclusive of interests and costs. And there is no reason to infer a jurisdictionally adequate amount in controversy based on the allegations.

In sum, Ferguson fails to establish this Court's subject matter jurisdiction. But the ability to file objections to the Court's recommendation offers Ferguson an opportunity to establish—if he can—that the Court has subject matter jurisdiction.

## Recommendation

The Court should sua sponte dismiss Ferguson's case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED.

SIGNED January 23, 2024.

          REBECCA RUTHERFORD
          UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).